# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| **GEORGE CARLTON ALEXANDER, JR.** | ) | |
| | ) | |
| **Appellant,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:13-cv-1247** |
| | ) | **Judge Trauger / Knowles** |
| **COMDATA CORPORATION,** | ) | |
| | ) | |
| **Appellee.** | ) | |

## REPORT AND RECOMMENDATION

This matter is before the Court upon Mr. Alexander's pro se Appeal from the Bankruptcy Court's September 11, 2013 Order of Judgment in Adversary Proceeding Case No. 3:13-ap-90107. *See* Docket No. 1. The Bankruptcy Court's Order of Judgment granted summary judgment to Comdata, and entered a judgment against Mr. Alexander in the amount of $10,344,322.57. *Id.* Judge Trauger has referred the case to the undersigned "for case management, decision on all pretrial, nondispositive motions and report and recommendation on all dispositive motions under 28 U.S.C. § 636(b)(1) and to conduct any necessary proceedings under Rule 73, Fed. R. Civ. P." Docket No. 5.

A brief recitation of some procedural history is helpful to an understanding of the current state of this action. On March 11, 2013, Comdata filed its Complaint in Adversary Proceeding Case No. 3:13-ap-90107. Docket No. 1 in 3:13-ap-90107. Adversary Proceeding Case No. 3:13-ap-90107 was an action to renew a judgment against Mr. Alexander that was excerpted from discharge pursuant to 11 U.S.C. §§ 523(a)(2), (a)(4), and (a)(6). The judgment sought to be renewed had been previously entered by the Bankruptcy Court on May 27, 2003 in Adversary

Proceeding Case No. 3:03-ap-0027A.

On June 24, 2013, Mr. Alexander filed his pro se Answer to Comdata's Complaint. Docket No. 21 in 3:13-ap-90107. In his Answer, Mr. Alexander admitted that the Bankruptcy Court had originally entered a judgment against him on May 27, 2003 in Adversary Proceeding Case No. 3:03-ap-0027A. *Id.* He argued, however, that the Bankruptcy Court had done so even though he had been instructed by his (then) counsel and the United States Attorney's Office not to participate in that Adversary Proceeding. *Id.* He further argued that Comdata's motioned renewal and enforcement of the judgment would amount to double recovery in light of an Order of Restitution rendered against him in his criminal case, Criminal Proceeding Case No. 3:03-cr-00101, which had taken place at the same time as the original adversary proceeding in 2003. *Id.*

On August 20, 2013, Comdata filed a Motion for Summary Judgment and supporting materials. Docket Nos. 25-27 in 3:13-ap-90107. In that Motion and supporting materials, Comdata argued that its Motion should be granted and the original judgment should be renewed because: (1) the existence of the judgment was undisputed; (2) the balance due and owing by Mr. Alexander was undisputed; and (3) Mr. Alexander could not raise any defenses to rebut Comdata's action to renew the judgment, including any defenses that he could have raised at the time the original judgment had been entered. *Id.*

On September 3, 2013, Mr. Alexander filed a Response to Comdata's Motion. Docket No. 28 in 3:13-ap-90107. In his Response, Mr. Alexander made the same arguments he had made in his Answer. *Id.*

On July 17, 2013, the Bankruptcy Court granted Comdata's Motion for Summary Judgment and ordered a judgment against Mr. Alexander in the amount of $10,344,322.57,

2

which renewed the original judgment, less the money Comdata had already received in restitution payments and a one-time dividend payment. Docket No. 30, p. 3 in 3:13-ap-90107. In its Order of Judgment, the Bankruptcy Court noted that Mr. Alexander had failed to appear at the hearing on the Motion for Summary Judgment, noted that it had accepted Comdata's Statement of Undisputed Facts in their entirety, and also noted that Mr. Alexander had not contested any facts contained in Comdata's Statement of Undisputed Facts. *Id.*, pp. 1, 3.

On October 15, 2013, pursuant to Rule 8006 of the Bankruptcy Rules, Mr. Alexander made record designations for the instant Appeal, but did not designate the issues to be reviewed by this Court on Appeal. *See* Docket No. 35 in Adversary Proceeding Case No. 3:13-ap-90107.

On November 13, 2013, Mr. Alexander filed the instant Appeal. Docket No. 1. The same day, the Office of the Clerk of this Court notified the parties of record of the instant Appeal and briefing deadlines. Docket No. 3.

On November 27, 2013, Mr. Alexander filed his Opening Brief in the instant Appeal with this Court. Docket No. 3. As grounds for his Appeal, Mr. Alexander argues: (1) he had been unable to participate in, or contest, the original bankruptcy proceedings, including the 2003 Adversary Proceeding Case No. 3:03-ap-0027A, because of a proffer he entered into with the United States government in connection with a guilty plea he entered in criminal case number 3:03-cr-00101, and because the FBI had confiscated his records and computers in connection with that criminal case; (2) he had been unable to properly defend himself in the 2013 Adversary Proceeding Case No. 3:13-ap-90107 because the FBI sold, disposed of, and/or destroyed his records and computers in the years following his criminal conviction; and (3) the original judgment, and its renewal, constitutes a double recovery in light of the restitution payments

3

ordered by the United States District court in criminal case number 3:03-cr-00101. *Id.*

As an initial matter, Local Rule 81.01(a), relating to rules pertaining to bankruptcy

appeals, states as follows:

> **(a) Summary Affirmance.** Failure by an appellant to comply with
> the provisions of either Rule 8006, 8007 or 8009 of the *Bankruptcy
> Rules, Title 11 of the United States Code Annotated,* will result in
> summary affirmance of the opinion of the Bankruptcy Judge.

(Bold and italics original; underlining added.)

Federal Rules of Bankruptcy Procedure Rule 8006 provides in relevant part:

> Within 14 days after filing the notice of appeal as provided by
> Rule 8001(a), entry of an order granting leave to appeal, or entry
> of an order disposing of the last timely motion outstanding of a
> type specified in Rule 8002(b), whichever is later, the appellant
> shall file with the clerk and serve on the appellee a designation of
> the items to be included in the record on appeal and a statement of
> the issues to be presented.

Fed. R. Bankr. P. 8006 (underlining added).

As noted above, although Mr. Alexander properly made record designations for the

instant Appeal, he did not comply with Fed. R. Bankr. P. 8006 and designate the issues on

appeal. *See* Docket No. 35 in Adversary Proceeding Case No. 3:13-ap-90107, filed October 15,

2013. Pursuant to Local Rule 81.01(a), Mr. Alexander's failure to comply with Fed. R. Bankr.

P. 8006 "*will result* in summary affirmance of the opinion of the Bankruptcy Judge."

Accordingly, the undersigned recommends that the Bankruptcy Court's grant of summary

judgment to Comdata be affirmed.

Even if Mr. Alexander had properly complied with the Federal and Local Rules,

however, the undersigned would still recommend the affirmance of the Bankruptcy Court's grant

of summary judgment, as none of the arguments now proffered by Mr. Alexander disputes the

4

original 2003 judgment, the 2013 judgment, or the amount owed. Rather, Mr. Alexander's arguments relate to the validity of the original judgment and, by extension, its renewal. Mr. Alexander could (and should) have raised his arguments in the prior proceedings. He cannot raise defenses now that he could have raised earlier, as the doctrine of res judicata bars a defendant from bringing defenses that the defendant could have raised in the original case. *See Virginia-Carolina Chemical Co. v. Kirven*, 215 U.S. 252 (1908); *Comm'r of Internal Revenue v. Sunnen*, 333 U.S. 591, 597 (1948).

With regard to Mr. Alexander's argument that the original judgment (and its renewal) constitute double recovery in light of the restitution payments ordered by this Court in his criminal case, a civil judgment can exist simultaneously with an Order of Restitution in a criminal case. *See* 18 U.S.C. § 3664(j)(2). Additionally, the amount awarded in the renewed action was reduced by payments made by Mr. Alexander. *Compare* amount awarded in Adversary Proceeding Case No. 3:03-ap-0027 with amount awarded in Adversary Proceeding Case No. 3:13-ap-90107. Accordingly, there is no double recovery in this action, and Mr. Alexander cannot prevail on this argument.

For the reasons set forth above, the undersigned recommends that the Bankruptcy Court's grant of summary judgment to Comdata be affirmed.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of

5

service of this Report and Recommendation can constitute a waiver of further appeal of this

Recommendation.  *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985),

*reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.


E. CLIFTON KNOWLES
United States Magistrate Judge

6